```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KAREEM HASSAN MILHOUSE,        :
                               :
         Plaintiff             :    CIVIL NO. 1:16-CV-00146
                               :
    vs.                        :
                               :
JOHN DOE 1-3, JUDGES           :    (Judge Rambo)
THIRD CIRCUIT COURT            :
OF APPEALS,                    :
                               :
         Defendants            :
```

## MEMORANDUM

### Background

On January 27, 2016, Plaintiff Kareem Hassan Milhouse, an inmate currently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg), filed a 2-page complaint purportedly pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1977) against three unidentified judges of the Court of Appeals for the Third Circuit.[1] Doc. 1,

---

1. 28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."
    Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally
(continued...)

Complaint.  Along with his complaint, Milhouse submitted a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 as well as an authorization to have funds deducted from his prison trust fund account to pay the filing fee in installments. Docs. 5 and 6.

Milhouse statement of claim in toto, including grammatical errors, is as follows:

> In the Judge(s) opinion of 3rd Circuit Court of Appeal for Plaintiff Appeal Number 07-4551 they state Plaintiff cooperated is cooperating wrote a 14 page statement/confession and identified co-Defendant.
> These Judges erred because Plaintiff never cooperated nor was cooperating and does not had not any cooperation deal.
> The records did not support any of that statement made by Third Circuit Judges which caused a future risk of danger to Plaintiff violating 8th Amend. And as a result inmates copied that opinion off unit computer in law library between Nov. 12, 2015, and Nov. 16, 2015 and Plaintiff was harassed, threatened and taunted and assaulted on November 17, 2015.

---

1. (...continued)
protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

Doc. 1, Complaint, at 1-2. Plaintiff requests compensatory and punitive damages from the three judges in the total amount of $12,000,000.00. Id. at 2. He also requests an "injunction of being placed in Pennsylvania Prison or Federal Correction Institution." Id.

The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[2]

---

2. Section 1915(e)(2) provides:

 (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed <u>in forma pauperis</u>, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).  The Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992); <u>see also</u> <u>Roman</u>, 904 F.2d at 194 (baseless factual contentions describe scenarios clearly removed from reality).  The Third Circuit added that

"the plain meaning of 'frivolous' authorizes the dismissal of <u>in forma pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton</u>, 504 U.S. at 33.

Even though a complaint is not frivolous it still may be dismissed under the screening provision of the PLRA if it fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6) is the basis for this type of dismissal. Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir.2009) (quoting <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir.2008)). While a complaint need

only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal,___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

In resolving the issue of whether a complaint states a viable claim, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements

and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

For the reasons outlined below, Milhouse's motion to proceed in forma pampers will be construed as a motion to proceed without full prepayment of the filing fee and granted, and the complaint will be dismissed.

**Discussion**

A person seeking to recover damages under "Bivens" must satisfy three requirements; he must: (1) assert that a constitutionally protected right has been violated; (2) state a cause of action sufficient to invoke the general federal question jurisdiction of the district court; and (3) demonstrate why money damages are the appropriate form of relief. See Muhammad v. Carlson, 739 F.2d 122, 123-4 (3d Cir. 1984).

It is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official

duties.  Stump v. Sparkman, 435 U.S. 349 (1978).  Since the claims against the three unidentified judges are based on actions taken by them in the exercise of their official duties, they are entitled to absolute immunity from monetary damages.

Milhouse also appears to claim that he is in danger of further assaults  He requests transfer out of the federal prison system as well as a prohibition that he be placed in a Pennsylvania state correctional facility.  Milhouse has failed to state a cognizable claim.

Milhouse mentions the Cruel and Unusual Punishments Clause of the Eighth Amendment of the United States Constitution in his complaint. That amendment is the primary one which mandates that prison officials protect an inmate from being assaulted by another inmate.

Claims based upon the Cruel and Unusual Punishments Clause have both objective and subjective components.  Wilson v. Seiter,  501 U.S. 294, 298 (1991).  Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. Id.

The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind".  Id.

Prison officials violate an inmate's right to be free from cruel and unusual punishment when, through intentional conduct or deliberate indifference, they subject the inmate to violence at the hands of another prisoner.  Young v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1992); Colburn v. Upper Darby Township, 838 F.2d 663, 668 (3d Cir. 1988); Riley v. Jeffes, 777 F.2d 143, 149 (3d Cir. 1985).  The plaintiff must prove more than that he had a fight with another inmate, Beard v. Lockhart, 716 F.2d 543, 544 (8th Cir. 1983), and mere negligent conduct that leads to serious injury of a prisoner by a prisoner does not expose a prison official to liability under § 1983.  Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).  Therefore, when one inmate assaults another, the victim's custodian is exposed to civil rights liability only when "he knows or should have known of a sufficiently serious danger to [the] inmate."  Young, 960 F.2d at 361 (emphasis in original); see Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984); Mosby v.

Mabry, 697 F.2d 213, 215 (8th Cir. 1982). Liability only attaches when the officials are so indifferent to the prisoner's safety that their actions can be described as "the functional equivalent of wanting harm to come to the prisoner", McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991), or when their inaction is "so likely to produce injury that the harm can be characterized as substantially certain to result." Gullatte v. Potts, 654 F.2d 1007, 1013 (5th Cir. 1981).

  The complaint clearly fails to state a failure to protect claim. Milhouse has not alleged any facts from which it could be concluded that prison officials failed to protect him. Furthermore, he does not name any prison official as defendants only the unidentified judges of the Court of Appeals for the Third Circuit.

  It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). An inmate does not have a constitutional right to choose his place of confinement, security classification, any particular housing assignment or cellmate. Id.; Montanye v. Haymes, 427 U.S. 236, 242

(1976); Moody v. Daggett, 429 U.S. 78, 88 (1976); Meachum v. Fano, 427 U.S. 215, 225 (1976); Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011); Burger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995). In Murray, the Third Circuit in addressing whether the Ninth Amendment established "a right to choose one's cellmate" noted that "courts confronted with the question . . . have held that no such right exists." 650 F.3d at 247.

    In sum, a prisoner does not have a protected liberty interest in matters of classification or particular custody status, and none is provided by federal law. Hewitt v. Helms, 459 U.S. 460 (1983); Montanye, 427 U.S. at 242; Stephany v. Wagner, 835 F.2d 497 (3d Cir. 1987). An inquiry by this Court into matters of prison administration, such as classification or custody status, would necessarily interfere with the administration's right to police its penal system. These administration determinations have consistently and correctly been left to the prison management's sound

discretion. McNeil v. Latney, 382 F. Supp. 161, 162 (E.D. Va. 1974); Pope v. Williams, 426 F. Supp. 279 (E.D. Pa. 1971). Thus, "as long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye, 427 U.S. at 242.

Based upon the above legal standards, it is clear that any claims against the unidentified judges are not cognizable. While there is no indication that Milhouse initiated this lawsuit with malicious intentions, the complaint is suitable for summary dismissal under the in forma pauperis statute because it fails to articulate an arguable factual or legal basis under federal law.

The court respects the principle that failure to state a claim under the Federal Rules of Civil Procedure is not tantamount to legal frivolity within the meaning

12

of 28 U.S.C. § 1915(d).  E.g., Oatess v. Sobolevitch, 914 F.2d 428, 430-31 (3d Cir. 1990).  The fatal defect in this complaint is not merely that it fails to state a claim under Bivens, but that it describes neither conduct nor injury that implicates the Constitution or other federal law.  Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve.  See Roman, 904 F.2d at 195 n. 3.

    An appropriate order will be entered.

                          s/Sylvia H. Rambo
                          SYLVIA H. RAMBO
                          United States District Judge

Dated: February 24, 2016